UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MOODY, *et al.*,

                Plaintiffs,                        Case No. 12-cv-13593
                                                    HON. GERSHWIN A. DRAIN

vs.

MICHIGAN GAMING CONTROL BOARD,
*et al.*,
                Defendants.
_____/

### ORDER DENYING PLAINTIFF JOHN MOODY'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION [#45], DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT [#52] AND FINDING PLAINTIFFS' MOTION TO AMEND/CORRECT [#51] MOOT

## I.      INTRODUCTION

Plaintiffs John Moody, Donald Harmon, Rick Ray, and Wally McIlmurray, Jr., filed the instant 42 U.S.C. § 1983 action on August 14, 2012 seeking declaratory and injunctive relief concerning the legality of the suspension of their harness racing occupational licenses by Defendants, the Michigan Gaming Control Board ("MGCB"), Richard Kalm, Gary Post, Daryl Parker, Richard Garrison, Billy Lee Williams, John Lessnau and Al Ernst.

Presently before the Court is Plaintiffs' Emergency Motion for Preliminary Injunction, filed on March 26, 2013. Also before the Court is Plaintiffs' Motion to Amend Complaint, filed on March 11, 2013.[1] The Court has ordered resolution of these matters pursuant to E.D. Mich. L.R.

---

[1] On March 11, 2013, Plaintiffs filed two Motions to Amend the Complaint, however the first Motion to Amend is not a motion, rather it is the proposed Amended Complaint. *See* Dkt. No. 51.

7.1(f)(2).  For the reasons that follow, the Court denies Plaintiff John Moody's Emergency Motion for Preliminary Injunction and denies Plaintiffs' Motion to Amend Complaint.

## II.      FACTUAL BACKGROUND

The relevant facts giving rise to this action were set forth in this Court's March 4, 2013 order Denying Plaintiffs' Motion for Reconsideration of this Court's decision denying Plaintiffs' Motion for Preliminary Injunction.  *See* Dkt. No. 48.  Additionally, the Court notes that the scheduling order in this matter was recently extended based on the parties' Joint Motion to Extend Discovery and Modify the Scheduling Order.   Therefore, discovery cutoff is May 1, 2013 and dispositive motion cutoff is June 3, 2013.  Trial is scheduled to commence on September 17, 2013.

## III.     LAW & ANALYSIS

### A.      Motion for Preliminary Injunction

Since the inception of this lawsuit, Plaintiffs have moved for injunctive relief on three separate occasions.  Dissatisfied with this Court's November 2, 2012 decision denying their request for reinstatement of their licenses, Plaintiff filed a Motion to Reconsider, restating the same arguments raised in their original Motion for Preliminary Injunction.  The Court denied Plaintiffs' Motion for Reconsideration on March 4, 2013.

The present motion is patently baseless because Plaintiff Moody requests relief based on factual allegations that are absent from the Complaint.  Specifically, the present motion rests on incidents involving Plaintiff John Moody's nephew and son, Daniel Moody and David Moody.  Neither Daniel Moody nor David Moody are named plaintiffs in this cause of action.   Plaintiff Moody appears to be attempting to argue a retaliation claim arising out of Defendants' investigation and suspension of Daniel Moody's trainer's license in December of 2012 and Defendants processing

of David Moody's application for a trainer's license during February and March of this year. However, the circumstances involving Plaintiff Moody's family members are unrelated to the legal issues before this Court, therefore granting injunctive relief on the basis of these circumstances is unwarranted.

Upon consideration of the four factors this Court must balance and consider in determining whether to issue a preliminary injunction, the Court concludes that Plaintiff Moody cannot demonstrate entitlement to this extraordinary remedy. The four factors include: (1) the likelihood of the plaintiff's success on the merits; (2) whether the plaintiff will suffer irreparable injury without the injunction; (3) the harm to others which will occur if the injunction is granted; and (4) whether the injunction would serve the public interest. *In re Delorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985); *In re Eagle-Pitcher Industries, Inc.*, 963 F.2d 855, 858 (6th Cir. 1992); and *N.A.A.C.P. v. City of Mansfield, Ohio*, 866 F.2d 162, 166 (6th Cir. 1989).

Here, Plaintiff Moody cannot demonstrate a likelihood of success on the merits. To the extent irreparable harm has occurred, or is likely to occur, such harm will impact non-parties David Moody and Daniel Moody. Plaintiff cannot rely on his family members difficulties obtaining their training licenses as a basis for injunctive relief reinstating Plaintiff Moody's occupational license. Nor can Plaintiff demonstrate irreparable harm based on an injury a third party has suffered. Lastly, the harm to the racing industry and its professionals greatly outweighs the harm to Moody. As previously found by this Court, "[t]he public interest will not be served" by issuing a permanent injunction because "[t]he perception that illegal race fixing has occurred and will continue to occur without repercussions undermines the public's confidence in the gaming industry." For all of these reasons, the Court denies Plaintiff Moody's Motion for Preliminary Injunction.

B.    **Motion to Amend Complaint**

-3-

Plaintiffs request leave to file a First Amended Complaint to add Michigan State Police Detective Thomas DeClercq and Michigan Gaming Control Board Steward Robert C. Coberly for their actions undertaken in March of 2010 concerning an investigation into purported race fixing in harness racing in Michigan. Plaintiffs claim that Coberly's and DeClercq's actions violated Plaintiffs John Moody's, Don Harmon's and Wally McIllmurray's Fifth and Sixth Amendment rights.

Specifically, Moody's rights were violated on March 12, 2010, when DeClercq and Coberly ordered Plaintiff out of a medical procedure and threatened to arrest him if he did not immediately submit to an interview without the presence of his counsel. Similar threats were made to McIllmurray on March 11, 2010. Defendant Gary Post and DeClercq likewise threatened Harmon that if he did not submit to an interview, he would be arrested and sent to jail for twenty years. Plaintiffs maintain that they are not seeking amendment for an improper purpose, nor will Defendants be prejudiced since discovery cutoff has been extended to May 1, 2013, and the proposed defendants will be deposed even if they are not named in this action.

Defendants respond that amendment at this stage in the proceedings will be highly prejudicial. The parties have already completed written discovery and each of the Plaintiffs have been deposed. Defendants will face significant prejudice because they will have to defend new claims with less than a month left for discovery. Furthermore, the factual allegations giving rise to Plaintiffs' proposed Fifth and Sixth Amendment claims were known to Plaintiffs when they filed their original Complaint on August 14, 2012.

After an answer to the complaint has been filed, Federal Rule of Civil Procedure 15(a) provides that a party may file an amended complaint "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Rule 15(a) provides that such "leave shall be freely

-4-

given when justice so requires." *Id.* Rule 15 "reinforce[s] the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). The Sixth Circuit Court of Appeals has identified various factors that this Court must consider when determining whether to grant leave to amend:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Brooks v. Celeste*, 39 F.3d 125, 129 (6th Cir. 1994) (citing *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)). Delay alone is insufficient reason to deny a motion to amend. *Id.* at 130. The critical factors to be examined are notice and substantial prejudice. *Id.*

Plaintiffs maintain that "where discovery remains open, the denial of a motion to amend is rarely appropriate, even where additional discovery may be required as a result of the amendment." *See* Plfs.' Mot. at 4. Plaintiffs rely on the Sixth Circuit Court of Appeals's decision in *Janikowski v. Bendix Corp.*, 823 F.2d 945 (6th Cir. 1987) for this proposition. However, *Janikowski* is distinguishable from the facts here. In *Janikowski*, the plaintiff filed an ADEA claim and a state law claim for age discrimination. After conducting a hearing on the defendants' motion for summary judgment, but prior to the dispositive motion cutoff, the plaintiff moved to amend her complaint to add a breach of contract claim. *Id.* at 951. However, the district court never ruled on this motion, rather the court granted summary judgment without reaching the merits of the breach of contract claim despite ordering supplemental briefing on the breach of contract claim. *Id.* Thus, the court's determination rested on the sequence of events in the district court. Those circumstances are not present here.

-5-

Further, to the extent that *Janikowski* held that the cure for an untimely motion to amend is to order the moving party to pay for the additional discovery costs incurred as a result of the addition of new claims, such a holding appears to have been superseded by the reasoning set forth in *Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003) and *Duggins v. Steak 'N Shake*, 195 F.3d 828 (6th Cir. 1999). *See Watson v. Trevino*, No. 05-cv-75043, 2007 U.S. Dist. LEXIS 47241, *18 (E.D. Mich. June 29, 2007) ("[T]o the extent that *Janikowski* holds that the solution to a late-filed request to amend is to grant the request and to shift the costs of the new round of discovery to the moving party, the Court believes that this analysis has been superseded by *Duggins* and *Leary*.").

Similar to the facts in *Duggins*, *supra*, Plaintiffs were aware of their claims at the time they filed their original complaint. Further, their Sixth Amendment claim contains new legal theories for recovery which will prejudice Defendants by requiring them to defend a claim wholly distinct from the claims brought in the original Complaint. In *Duggins*, the Sixth Circuit Court of Appeals affirmed the district court's denial of leave to amend the complaint based on the plaintiff's undue delay and undue prejudice. *Duggins*, 195 F.3d at 834. The *Duggins* court held:

> The plaintiff was obviously aware of the basis of the claim for many months, especially since some underlying facts were made part of the complaint. Plaintiff delayed pursuing this claim until after discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed. There appears to be no justification for the delay, and the plaintiff proposes none. Allowing amendment at this late stage in the litigation would create significant prejudice to the defendants in having to reopen discovery and prepare a defense for a claim quite different from the sex-based retaliation claim that was before the court.

*Id*. The Court likewise concludes that Plaintiffs undue delay in bringing the instant motion and the undue prejudice Defendants will suffer if the amendment is granted warrants the denial of leave to amend. Plaintiffs knew of their proposed claims when they filed their Complaint in August of 2012 as the conduct giving rise to these claims occurred in March of 2010. Plaintiffs offer no compelling

reason why they waited until March of this year to seek leave to amend the Complaint. Plaintiffs do not argue that Defendants' discovery responses alerted them to these claims, nor could they since they were aware of the underlying facts prior to the filing of the original Complaint.

Further, while discovery has not closed, Defendants will suffer significant prejudice having to prepare a defense for the Sixth Amendment claim. *See Durfee v. Rich*, No. 02-10041, 2008 U.S. Dist. LEXIS 8202, * 3 (E.D. Mich. Feb. 4, 2008) ("An amendment to a complaint prejudices a party where the amendment will require the party to prepare an additional defense strategy and expend additional resources to defend against new claims.") At the very least, Plaintiffs Moody, Harmon, and McIllmurray will need to be deposed again and with less than thirty days left to conduct discovery, further amendment to the scheduling order will be required. Lastly, the heart of the case, specifically whether the suspension of Plaintiffs' harness racing licenses was unconstitutional, will be further delayed. Based on the foregoing considerations, the Court denies Plaintiffs leave to amend the Complaint.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend the Complaint [#52] is DENIED. Plaintiffs' Motion to Amend/Correct [#51] is MOOT. Plaintiffs' Emergency Motion for Preliminary Injunction [#45] is DENIED.

SO ORDERED.

Dated: April 17, 2013                                    /s/Gershwin A Drain
                                                         GERSHWIN A. DRAIN
                                                         UNITED STATES DISTRICT JUDGE

-7-