UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MOODY, DONALD HARMON, RICK RAY,
and WALLY MCILLMURRAY, JR.,

Plaintiffs,

v.

MICHIGAN GAMING CONTROL BOARD,
RICHARD KALM, GARY POST, DARYL PARKER,
RICHARD GARRISON, BILLY LEE WILLIAMS,
JOHN LESSNAU, and AL ERNST,

Defendants.

/

Case No. 12-cv-13593

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [157]**

**I. INTRODUCTION**

John Moody, Donald Harmon, Rick Ray, and Wally McIllmurray, Jr. (collectively "Plaintiffs") commenced the instant action against the Michigan Gaming Control Board, Richard Kalm, Gary Post, Daryl Parker, Richard Garrison, Billy Lee Williams, John Lessnau, and Al Ernst (collectively "Defendants") on August 14, 2012. *See* Dkt. No. 1. On November 24, 2015, the Court granted the Defendants' Motion for Abeyance until February 20, 2016. *See* Dkt. No. 154.

Presently before the Court is Plaintiffs' Motion for Reconsideration and Clarification. *See* Dkt. No. 157. For the reasons discussed below, the Court will **DENY** the Plaintiffs' Motion for Reconsideration.

-1-

## II. DISCUSSION

### A. Plaintiff's Motion for Reconsideration

Under this Court's Local Rules, the Court may not grant a motion for reconsideration which merely presents the same issues that the Court already ruled on. LR 7.1(h)(3)(E.D. Mich. July 1, 2013). Additionally, the movant must demonstrate that there is a palpable defect in the opinion or order under attack and that correcting the defect will result in a different disposition of the case. *Id.*; *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

Plaintiffs argue that the Court's ruling was "contrary to a ruling on a similar Motion in the 6th Circuit filed by Defendants after the issuance of the original decision and, arguably, contrary to the law of the case." *See* Dkt. No. 157 at 2 (Pg. ID No. 4053). Plaintiffs however chose not to argue or even provide any of the referenced contrary law. Therefore, Plaintiffs have failed to point to a "palpable defect" in the Court's decision to exercise its discretion in staying the case. Accordingly, Plaintiffs' Motion for Reconsideration fails.

### B. Plaintiffs' Request for Schedule Clarification

Plaintiffs have also requested clarification on how the Court's decision to stay the action will affect the schedule for the remaining proceedings. Specifically, Plaintiffs question (1) if the trial date has been adjourned?; (2) when will the parties' cross-motions for summary judgment be decided?; (3) what will happen to the pending motions to amend the complaint and compel discovery?; and (4) how can the parties meet and prepare the Final Joint Pretrial Order for 2/24/16 if the matter is stayed until 2/20/16?

-3-

Whenever the Petition for a Writ of *Certiorari* is resolved the Court will hold a scheduling conference and set new dates for all future events on the current schedule..

### III. CONCLUSION

For the reasons discussed above,

IT IS HEREBY OREDERED that the Plaintiffs' Motion for Reconsideration is **DENIED**.

IT IS FURTHER ORDERED that the Court will hold a new scheduling conference on Wednesday, February 24, 2016 at 10:00 a.m. for the purpose of setting all new dates.

Dated: January 13, 2016 /s/Gershwin A Drain
Detroit, MI HON. GERSHWIN A. DRAIN
United States District Court Judge