UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MOODY, DONALD HARMON,
RICKY RAY and WALLY MCILLMURRAY,

    Plaintiffs,

    v.

MICHIGAN GAMING CONTROL BOARD,
RICHARD KALM, GARY POST,
DARYL PARKER, RICHARD GARRISON,
BILLY LEE WILLIAMS, JOHN LESSNAU,
and AL ERNST,

    Defendants.
                                 /

Case No. 12-cv-13593

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**OPINION AND ORDER DENYING PLAINTIFFS' RENEWED MOTION TO AMEND COMPLAINT [141]**

**I. INTRODUCTION**

Plaintiffs commenced this action on August 14, 2012. *See* Dkt. No. 1. The Complaint alleges several civil rights claims against the Defendants under 42 U.S.C. § 1983: (1) Deprivation of Liberty Interest Pursuant to the Fifth Amendment; (2) Deprivation of Property Without Due Process of Law; and (3) Unconstitutional Conditions. *Id.*

Before the Court is Plaintiffs' Renewed Motion to Amend the Complaint. *See* Dkt. No. 141. Plaintiffs seek to add 4 new claims: (1) Conspiracy; (2) First

Amendment Retaliation; (3) Tortious Interference with a Business Relationship; and (4) Defamation. *See* Dkt. No. 141 (Exhibit 1) (referred to herein as "Proposed Amended Complaint"). The Plaintiffs also seek to add a new party, Krysta Harmon, as a Plaintiff to the action.

The Motion was filed on October 22, 2015. A response was filed November 4, 2015. *See* Dkt. No. 143. The Plaintiffs did not file a reply. After reviewing the briefing, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the Motion on the briefs as submitted. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons discussed below, the Court will **DENY** the Plaintiffs' Motion.

## II. BACKGROUND

Plaintiffs commenced this action on August 12, 2012. Dkt. No. 1. On March 11, 2013, the Plaintiffs moved to amend the Complaint, seeking to add new claims. *See* Dkt. No. 51. On April 17, 2013, the Court denied the motion as unduly prejudicial to the Defendants. Dkt. No. 66, at 6 (Pg. ID No. 962).

On May 1, 2013, the Plaintiffs again moved to amend the complaint. Dkt. No. 76. There, the Plaintiffs sought to add conspiracy and First Amendment retaliation claims. On June 18, 2013, the Court, again, denied the Motion as untimely and unduly prejudicial. Dkt. No. 92, at 13 (Pg. ID No. 2433) ("This

delay, coupled with the substantial prejudice to Defendants, compels this Court to conclude that Plaintiffs are not entitled to the relief sought.").

On November 27, 2013, the Court granted the Defendants summary judgment on the matter. *See Moody v. Michigan Gaming Control Board, et al.*, No. 12-cv-13593, 2013 WL 6196947 (E.D. Mich. November 27, 2013). The Plaintiffs appealed the decision to the Sixth Circuit Court of Appeals on April 27, 2014. Dkt. No. 124. On June 16, 2015, the appellate court affirmed in part and reversed in part the decision of the Court, and remanded for further proceedings. *See Moody v. Michigan Gaming Control Board*, 790 F.3d 669 (6th Cir. 2015).

Plaintiffs allege that Defendant Kalm, when asked about the Sixth Circuit's Opinion, indicated that the Plaintiffs were still under investigation. Dkt. No. 141, at 4 (Pg. ID No. 3620). As a result of this alleged conduct, Plaintiffs assert that Plaintiff Harmon and his wife, Krysta Harmon, were barred from entering a horse in the Ontario Sires Stakes Series. *Id.* Plaintiffs seek to add claims to their action reflecting these recent events.

### III. LAW AND ANALYSIS

Amendments of a plaintiff's complaint are governed by Rule 15 of the Federal Rules of Civil Procedure. "The court should freely give leave" to amend the complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Sixth

Circuit Court of Appeals has identified various factors that this Court must consider when determining whether to grant leave to amend:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Brooks v. Celeste*, 39 F.3d 125, 129 (6th Cir. 1994) (citing *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)). The Court's focus, therefore, centers on the critical factors of notice and substantial prejudice. *Id.*

Furthermore, a Court need not grant leave to amend a Complaint if the proposed amendments are shown to be futile or would not withstand a motion to dismiss. *Marx v. Centran Corp.*, 747 F.2d 1536, 1550 (6th Cir. 1984); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001).

### A. Conspiracy and First Amendment Retaliation

Plaintiffs attempted to amend their complaint to include conspiracy and First Amendment retaliation claims on May 1, 2013. Dkt. No. 76. The Court then concluded that late amendments to the Complaint would cause significant prejudice to the Defendants. Dkt. No. 92, at 13 (Pg. ID No. 2433) ("Allowing Plaintiffs to amend their complaint now will require the parties to incur additional expense."). Plaintiffs now seek to add claims identical to those already denied.

However, the circumstances of that denial have not improved since May 1, 2013. In fact they have only been exacerbated by the further passage of time. Accordingly, the Plaintiffs' request to amend the Complaint to include conspiracy and First Amendment retaliation violations will be denied again as untimely and unduly prejudicial.

**B. New Claims**

Plaintiffs have also requested to add claims for retaliation, tortious interference, and defamation. These claims are derived from statements allegedly made by Defendant Kalm after the Plaintiffs appealed to the Sixth Circuit Court of Appeals. *See* Proposed Amended Complaint, ¶¶ 91–104 (Pg. ID No. 3649).

*a. Retaliation*

Plaintiffs allege that Defendant Kalm's statements constitute retaliation against Donald Harmon and Rick Ray. A First Amendment Retaliation Claim entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Bell v. Johnson*, 308 F.3d 594, 602 (6th Cir. 2002).

There is no dispute that the filing of an appeal is protected conduct. However, even assuming that Plaintiffs have established that the mere reference to an open investigation could be considered an adverse action, Plaintiffs have failed to allege facts sufficient to show Defendant Kalm's statements, allegedly made in June 2015, were motivated by the protected conduct which took place *over a year prior*. In fact, the Complaint itself indicates that the statements were made by Kalm when he was "[a]sked to comment on the Opinion" of the appellate court. Proposed Amended Complaint, ¶ 91 (Pg. ID No. 3647). Accordingly, this claim would not survive a motion to dismiss and is futile.

### b. Tortious Interference

Under Michigan law, to state a claim for tortious interference with a business relationship, the plaintiff must assert:

> (1) the existence of a valid business relationship or expectancy that is not necessarily predicated on an enforceable contract, (2) knowledge of the relationship or expectancy on the part of the defendant interferer, (3) an intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy, and (4) resulting damage to the party whose relationship or expectancy was disrupted.

*Health Call of Detroit v. Atrium Home & Health Care Servs., Inc.*, 268 Mich. App. 83, 90 (2005). Plaintiffs have only addressed the fourth element of tortious interference. Plaintiffs' proposed amended complaint fails to allege facts pertaining

to the first three elements. Accordingly, this claim would not survive a motion to dismiss and is futile.

### c. Defamation

Under Michigan law, to state a claim for defamation, the plaintiff must assert

> (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation *per se*) or the existence of special harm caused by publication.

*Ghanam v. Does*, 303 Mich. App. 522, 544 (2014). Further, a plaintiff must plead a defamation claim with specificity by identifying the *exact* language that the plaintiff alleges to be defamatory. *Id.* at 543 (emphasis added).

Plaintiffs have failed to identify the exact language believed to be defamatory. Moreover, Plaintiffs have failed to assert that any alleged statements were made negligently or were even false. Accordingly, this claim would also not survive a motion to dismiss and is futile.

### d. Undue Prejudice

The Court further finds that to allow Plaintiffs to amend the Complaint at this stage would be unduly prejudicial to the Defendants. Allowing Plaintiffs to add these claims, long after the close of discovery in this case, would require the

Court to reopen discovery and force the Defendants to incur significant additional expenses investigating their validity.

### C. Krysta Harmon

Plaintiffs also move to add Krysta Harmon as a party to the Complaint. Plaintiffs allege that Defendant Kalm harmed Krysta Harmon when he allegedly stated that the Plaintiffs were still under investigation. This motion is also denied as futile.

First, Krysta Harmon is not alleged to have been harmed until June 2015. *See* Proposed Amended Complaint, ¶ 93. Therefore, any and all claims arising from actions taken before then are not applicable to her. Moreover, as described above, the retaliation, tortious interference, and defamation claims arising from Defendant Kalm's alleged statements would not survive a motion to dismiss. Accordingly, Plaintiff's motion to add Krysta Harmon as a party will be denied.

### IV. CONCLUSION

For the reasons discussed above, the Plaintiffs' Motion [141] is **DENIED**.

IT IS SO ORDERED.

| | |
|---|---|
| Dated: August 15, 2016<br>Detroit, MI | s/Gerswhin A. Drain<br>HON. GERSHWIN A. DRAIN<br>United States District Court Judge |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 15, 2016.

s/Teresa McGovern
Teresa McGovern
Case Manager Generalist
