UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOHN MOODY, *et al.*,

Plaintiffs,

v.

MICHIGAN GAMING CONTROL
BOARD, *et al.*,

Defendants.

_____/

Case No. 12-cv-13593
UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS


**OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO REOPEN
DISCOVERY [164]**


**I. INTRODUCTION**

Plaintiffs filed their Complaint under 42 U.S.C. § 1983 for declaratory and injunctive relief, as well as damages. Plaintiffs allege 1) deprivation of a liberty interest, specifically their right to engage in a lawful occupation of horse racing; 2) deprivation of a property interest, specifically their licenses to train and race horses; and 3) unconstitutional conditions, specifically that Plaintiffs could not maintain their licenses or apply for new licenses so long as they retained attorneys and manifested intentions to invoke their Fifth Amendment privilege.

Before the Court is Plaintiffs' Motion to Lift Stay and Reopen Discovery. *See* Dkt. 164. The matter is fully briefed. Because the Stay has already expired on its own terms, Plaintiffs' Motion to Lift Stay is **MOOT**. *See* Dkt. 161.

The Plaintiffs' remaining requests in their Motion to Reopen Discovery are **DENIED** for reasons set forth below.

## II. BACKGROUND

Plaintiffs filed their Complaint on August 14, 2012. The Court set March 1, 2013 as the cut-off date for discovery. Dkt. 29. It later extended discovery until May 1, 2013. *See* Dkt. 43. On March 11, 2013, Plaintiffs filed a Motion to Amend [52], adding two additional Defendants, including Thomas DeClercq. The Plaintiffs then filed Motions to Compel, claiming Defendants had resisted disclosure of documents because of investigative privilege. *See* Dkt. 62, 64.

On April 11, 2013, Plaintiffs served a subpoena on DeClercq. On April 17, 2013, the Court denied Plaintiffs' Motion to Amend. *See* Dkt. 66. DeClercq then moved to quash the subpoena on April 19, 2013. *See* Dkt. 67. Defendants then filed a Motion for Summary Judgment on June 3, 2013. Dkt. 85. On June 17, 2013, Plaintiffs filed a Motion for Partial Summary Judgment. Dkt. 90.

On June 18, 2013, the Court denied DeClercq's Motion to Quash and allowed Plaintiffs to depose DeClercq, but limited the scope of the deposition to

2

exclude questions into his criminal investigative work. The Court also required Plaintiffs to depose DeClercq by July 2, 2013. Dkt. 92.

Plaintiffs failed to depose DeClercq by the Court's deadline. On July 2, 2013, Plaintiffs filed a Motion to Allow Deposition of DeClercq on July 15, 2013. *See* Dkt. 97. The Court granted Summary Judgment for the Defendants and denied Plaintiffs' Motion to Allow Deposition as moot. *See* Dkt. 120.

On April 17, 2014, the Plaintiffs appealed to the United Courts Circuit Court of Appeals for the Sixth Circuit. On June 6, 2015, the Sixth Circuit affirmed the Court's finding for Defendants over Plaintiffs' due process claims on their suspensions, but reversed on their constitutional claims and due process claims regarding their exclusions and remanded for further proceedings. *Moody, et al. v. Mich. Gaming Control Bd., et al.* 790 F.3d 669, 677–80 (6th Cir. 2015). The 6th Circuit designated for remand 1) whether the Plaintiffs requested hearings on their exclusions, 2) whether Plaintiffs' self-incrimination and due process claims involved clearly established rights, and 3) if so, whether an officer in the Michigan Gaming Control Board's ("MGCB") position should have known about those rights. *Id.* at 681.

On April 28, 2016, Plaintiffs filed their Motion to Lift Stay and Reopen Discovery. The Stay expired automatically on May 1, 2016. The remaining

question before the Court is whether to grant Plaintiffs' request to reopen discovery as it relates to issues designated by the 6th Circuit on remand.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." "District courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014). The Sixth Circuit has identified five factors for a court to consider when determining whether to modify a discovery schedule:

> "(1) when the moving party learned of the issue that is the subject of the discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to . . . prior discovery requests."

*Id.* However, "[t]he overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery." *Id.*; *see also Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) ("The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.").

"Thus, the court's primary inquiry in determining whether there is good cause to justify reopening discovery for the purpose of deposing [witnesses]" is whether "Plaintiff diligently attempted to depose them during the discovery

4

period" or whether the failure to conduct depositions was caused by "plaintiff's dilatoriness." *Carter v. City of Detroit*, No. 11–15322, 2015 WL 3678433, \*2 (E.D. Mich. June 12, 2015).

## IV. DISCUSSION

Plaintiffs request the Court reopen discovery to depose Michigan State Police ("MSP") Detective Thomas DeClercq, Defense Counsel Jason Geissler, and to re-depose Defendants Kalm and Post. *See* Dkt. 164. Plaintiffs have failed to demonstrate good cause to warrant reopening discovery.

### A. Detective Thomas DeClercq

The Court originally allowed the deposition of DeClercq in its June, 18, 2013 Order. *See* Dkt. 92. The Court required Plaintiffs to depose DeClercq by July 2, 2013. However, Plaintiffs failed to depose DeClercq within the two week timeframe provided. Instead, on July 2, 2013, Plaintiffs filed a Motion to Allow Deposition to be conducted two weeks later, claiming Plaintiffs' Counsel had prepaid travel plans which made deposing DeClercq impossible. *See* Dkt. 97. Having pre-paid travel plans is not a compelling reason for failing to depose a witness. Plaintiffs' counsel had ample time to schedule the deposition before the July 2 deadline. Plaintiffs' dilatoriness prevented the deposition from occurring. Accordingly, the Court refuses to grant this request.

## B. Defendants Kalm and Post

Plaintiffs argue that Defendants Kalm and Post must be re-deposed because of allegedly deceptive testimony given at their respective depositions regarding the existence of a criminal investigation. *See* Dkt. 164 at 4 (Pg. ID No. 4072). Plaintiffs' point to a series of contradictory statements as evidence of the necessity for a second deposition. Dkt. 166 at 4–8 (Pg. ID No. 4107–4111). However, the mere existence of contradictory evidence does not constitute good cause to reopen discovery three years after its closure. Moreover, Plaintiffs fail to demonstrate how the existence of the investigation relates to the issues designated for remand. Accordingly, this request is also denied.

## C. Assistant Attorney General Jason A. Geissler

Plaintiffs ask to depose Geissler because "he has non-privileged information about various events which would illuminate the genesis and development of the chain of events which are at the heart of Plaintiff's [*sic*] case." *See* Dkt. 164 at 4 (Pg. ID No. 4072). In response, Defendants contend that Plaintiffs failed to meet this Circuit's three-prong test required for taking opposing counsel's deposition. *Nationwide Mut. Ins. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002). The Defendants are correct.

A court should order the taking of opposing counsel's deposition only when the party seeking deposition shows 1) no other means exist to obtain the

information; 2) the information sought is relevant and non-privileged; and 3) the information is crucial to the preparation of the case. *Id*. Even assuming that the information is crucial and non-privileged, Plaintiffs have failed to show that they have no other way of obtaining the sought information. The Plaintiffs, therefore, may not depose Jason Geissler.

## V. Conclusion

For the reasons stated above, Plaintiffs' Motion to Reopen Discovery [164] is **DENIED**.

IT IS SO ORDERED.

Dated: August 15, 2016                              s/Gershwin A. Drain_____
                                                    Hon. Gershwin A. Drain
                                                    United States District Court Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 15, 2016.

                                s/Teresa McGovern_____
                                Teresa McGovern, Case Manager Generalist