UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MOODY, *et al.*,

        Plaintiffs,

v.

        Case No. 12-13593
        Honorable Gershwin A. Drain

MICHIGAN GAMING CONTROL BOARD,
*et al.*,

        Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [#176]**

**I.    INTRODUCTION**

On August 15, 2016, this Court entered an Opinion and Order granting Defendants' Motion for Summary Judgment on Plaintiffs' Fifth Amendment claim. *See* Dkt. No. 172. Presently before the Court is the Plaintiffs' Motion for Reconsideration, filed on September 6, 2016. Specifically, Plaintiffs move for reconsideration of this Court's conclusion that the Fifth Amendment right at issue herein was not clearly established at the time of the stewards' hearing, thus qualified immunity shields Defendants from suit.

**II.    LAW & ANALYSIS**

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

In their present motion, Plaintiffs complain that this Court framed the Fifth Amendment issue too narrowly and correction of this palpable defect will result in a different disposition of this case. Plaintiffs merely present the same argument previously raised in the parties' cross motions for summary judgment. This is not a

proper basis upon which to grant reconsideration. E.D. Mich. L.R. 7.1(h)(3); *Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d at 637. The Court thoroughly considered and rejected Plaintiffs' argument that the Fifth Amendment right at issue herein was clearly established at the time of the stewards' hearing. Plaintiffs have failed to provide any authority demonstrating that the stewards were on notice that their actions violated the Fifth Amendment. Plaintiffs have not shown a palpable defect by which this Court has been misled the correction of which will result in a different disposition of this case.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration [#176] is DENIED.

Dated: September 20, 2016    /s/Gershwin A. Drain
　　　　　　　　　　　　　　GERSHWIN A. DRAIN
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 20, 2016, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk