UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MOODY, ET AL.,

    Plaintiffs,

v.

MICHIGAN GAMING CONTROL
BOARD, ET AL.,

    Defendants.
_____/

Case No. 12-cv-13593

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO COMPEL
[#221]**

**I. INTRODUCTION**

On June 18, 2013, this Court entered an Order Denying in part Plaintiffs' Motion to Compel Discovery. Dkt. 92. At issue in that Motion was whether Defendants were required to turn over certain criminal investigation records and a copy of the recording and/or transcript of a sworn statement that Plaintiff John Moody gave to Special Assistant Attorney General ("SAAG") Doug Baker in March 2012. *Id.* Defendants objected to these discovery requests, arguing the materials were privileged. *Id.*

In its June 18, 2013 Order, the Court ruled that the recording and/or transcript of Plaintiff Moody's sworn statement were protected by the Prosecutor's

Investigative Subpoena Act, as codified under Michigan state law. *Id.* Accordingly, it Denied Plaintiff's Motion to Compel these materials. *Id.* With respect to the criminal investigation records, the Court conducted an in-camera review of the materials and determined that only a portion of the records were protected by privilege. *Id.*; Dkt. 126, pp. 3-4 (Pg. ID 3494-95). Hence, the Court directed Defendants to turn over only those records that were not within the protected privilege. Dkt. No. 126, pp. 3-4 (Pg. ID 3494-95).

Present before the Court is Plaintiffs' Motion to Compel pursuant to Federal Rules of Civil Procedure 34 and 45, filed on November 30, 2018. Dkt. No. 221. Within the Motion, Plaintiffs request discovery of several documents, the majority of which were the subject of the Court's June 18, 2013 Order. *Id.* No hearing is necessary to resolve the issues within this Motion. *See* E.D. Mich, LR 7.1(f)(2). For the reasons set forth below, the Court will DENY Plaintiffs' Motion [#221].

## II. DISCUSSION

Plaintiffs seek a Court Order requiring non-party Michigan Attorney General's Office to produce (1) any and all reports, transcripts, or additional documentation of the interview that SAAG Baker conducted with Plaintiff Moody in March 2012, and (2) an immunity petition that the Attorney General filed with the state court related to Plaintiff Moody's March 2012 sworn statement. *Id.* at p. 2 (Pg. ID 4545). In addition, Plaintiffs request Defendants to produce the criminal

investigation records that the Court previously ruled were protected by privilege under Michigan state law. *Id.* The Court will address each of these requests separately.

**A. Transcript of Plaintiff John Moody's March 2012 Sworn Statement and Related Materials**

Plaintiffs acknowledge that their request for the transcript of Plaintiff Moody's March 2012 sworn statement was addressed by the Court's June 18, 2013 Order. *Id.* at p. 17 (Pg. ID 4560). Still, Plaintiffs argue that the Court erred in its decision. *Id.* The Court will thus construe this as a Motion for Reconsideration, which is governed by Local Rule 7.1(h).

Local Rule 7.1(h) provides that a motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). Generally, "the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mic. LR 7.1(h)(3). Rather, to prevail, "[t]he movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* Importantly, a palpable defect is "a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).

Here, the Court will deny Plaintiffs' Motion for two reasons. First, Plaintiffs' Motion cannot be considered timely under any sense of the word. Any challenge to the Court's June 18, 2013 Order would have needed to be filed by July 2, 2013. Plaintiffs did not file the instant Motion until November 30, 2018, over five years later.

Second, Plaintiffs present the same arguments already ruled upon by the Court. Plaintiffs have not shown a palpable defect by which the Court was misled. Instead, Plaintiffs simply disagree with the Court's prior interpretation of Michigan statutory and case law. This is not the type of defect that warrants reversing the Court's prior decision.

Moreover, even if the Court were to reach the merits of Plaintiffs' Motion to Compel, the discovery cut-off date in this case was May 1, 2013. *See* Dkt. No. 43. Finding no good reason to reopen discovery at this juncture, the Court will DENY Plaintiffs' discovery request. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

**B. Petition for Immunity**

Plaintiffs next ask the Court for an Order directing non-party Michigan Attorney General's Office to produce the petition for immunity related to Plaintiff Moody's March 2012 sworn statement. Dkt. No. 221, p. 2 (Pg. ID 4545). It does not appear that this request was contemplated by the Court's June 18, 2013 Order.

Hence, the Court will construe this as a brand-new discovery request, but one that must be denied for untimeliness. As already stated, the discovery cut-off date in this case was May 1, 2013. *See* Dkt. No. 43. Because the Court finds no good cause to reopen discovery, the Court will DENY Plaintiffs' discovery request.

### C. Previously Withheld Criminal Investigation Records

Last, Plaintiffs ask the Court for an order requiring Defendants to produce several criminal investigation records that the Court previously held were protected by privilege. Dkt. No. 221, pp. 2-4 (Pg. ID 4545-47). Plaintiffs argue that the grounds for the privilege -- an ongoing criminal investigation -- no longer exist. *Id.* Therefore, Plaintiffs suggest that Defendants are obligated by Federal Rule of Civil Procedure 26(e) to supplement their responses to Plaintiffs' earlier request for documents. *See id.* The Court will disagree.

Rule 26(e), in relevant part, provides that a party who has responded to a request for production must supplement or correct its disclosure or response in a timely manner if "the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e).

Here, Defendants' discovery responses do not appear incomplete or incorrect. Over four years ago, the Court conducted an in-camera review of the

documents at issue and ruled that the withheld documents were protected by privilege. *See* Dkt. No. 92; Dkt. No. 126. Hence, the Court finds no support for the argument that Defendants have an ongoing duty to supplement these disclosures.

To the extent Plaintiffs are attempting to relitigate whether the documents at issue are privileged, the Court will again remind Plaintiffs that the discovery cut-off date in this case was May 1, 2013. *See* Dkt. No. 43. Finding no good cause to reopen discovery, the Court will DENY Plaintiffs' discovery request.

### V. CONCLUSION

For the reasons stated herein, the Court will DENY Plaintiffs' Motion to Compel [#221].

IT IS SO ORDERED.

Dated: January 29, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 29, 2019, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager