UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MOODY, ET AL.,

    Plaintiffs,

v.

MICHIGAN GAMING CONTROL BOARD, ET AL.,

    Defendants.
_____/

Case No. 12-cv-13593

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION IN LIMINE WITHOUT PREJUDICE [#223]**

**I. INTRODUCTION**

Present before the Court is Plaintiffs' Motion in Limine. Dkt. No. 223. Plaintiffs move to exclude two categories of evidence at trial: (1) any mention of the term "race-fixing" and (2) evidence of any penalties, disputes, discipline, etc. that Plaintiffs received during their racing careers and which are unrelated to the instant case. The Court will resolve the Motion without a hearing. *See* E.D. Mich. LR 7.1(f)(2). For the reasons set forth below, the Court will DENY the Motion WITHOUT PREJUDICE.

## II. LEGAL STANDARD

A motion in limine refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n.2 (1984). The purpose of these motions is "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). In disposing of a motion in limine, the guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio, 2004).

## III. DISCUSSION

### A. Plaintiffs have not Demonstrated that the Probative Value of the Term "Racing-Fixing" is Substantially Outweighed by any Prejudicial Effect

Plaintiffs first move to exclude any use of the term "race-fixing" at trial on the grounds that the term is inherently prejudicial. *See* Dkt. No. 223, p. 2 (Pg. ID 4610); Federal Rule of Evidence 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."). In support, Plaintiffs argue that the term cannot be found anywhere in the Michigan Horse Racing Statute or other relevant authority. Dkt. No. 223, p. 2 (Pg. ID 4610). Instead, Plaintiffs contend that the proper characterization of their

allegations is "failing to give your best effort" and/or "accepting something of value in order to influence the outcome of a race." *Id.* at pp. 2-3 (Pg. ID 4610-11).

Critically, Plaintiffs fail to present any case law suggesting the term "race-fixing" -- or any similar terms -- is highly prejudicial. Moreover, the Court is not convinced that such a term has more of a potential negative connotation than the phrase "influence the outcome of a race." Accordingly, the Court finds that the probative value of the term "race-fixing" is not substantially outweighed by any prejudicial effect.

**B. Plaintiffs have not Demonstrated that Federal Rule of Evidence 609 Applies to Disciplinary Actions from an Administrative Body**

Plaintiffs next move to exclude any evidence of penalties, disputes, discipline, etc. that they have received during their racing careers and which are unrelated to the instant case. *Id.* at p. 2 (Pg. ID 4610). The primary basis for this request appears to be Federal Rule of Evidence 609.

Rule 609 governs the limitations on attacking a witness's character for truthfulness by evidence of a criminal conviction. FRE 609. But in *United States v. Westbrook*, the Seventh Circuit held that the findings of a municipal administrative forum do not fit within the language or intent of Rule 609. 589 F.2d 273, 277 (7th Cir. 1978). Plaintiffs have not presented any case law to the contrary or attempted to respond to Defendants' arguments. Nevertheless, the Court agrees that the plain language of Rule 609 does not contemplate evidence of

administrative findings. Accordingly, the Court will not exclude evidence of Plaintiffs' administrative penalties, disputes, and discipline on Rule 609 grounds.

Nor will the Court, at this juncture, exclude this evidence on relevancy grounds. *See* Federal Rule of Evidence 402 ("Irrelevant evidence is not admissible."). Plaintiffs fail to identify specific penalties, disputes, or discipline that it seeks to exclude. By failing to do so, Plaintiffs do not give Defendants an adequate opportunity to respond, and the Court has no basis to properly assess Plaintiffs' arguments. However, should specific and potentially irrelevant evidence be offered at trial, Plaintiffs may renew their objection at that time.

## IV. CONCLUSION

For the reasons stated herein, the Court will DENY Plaintiffs' Motion in Limine WITHOUT PREJUDICE [#223].

IT IS SO ORDERED.

Dated: March 18, 2019

                                          s/Gershwin A. Drain
                                          HON. GERSHWIN A. DRAIN
                                          United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 18, 2019, by electronic and/or ordinary mail.

                                              <u>s/Teresa McGovern</u>
                                              Case Manager