UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MOODY, ET AL.,

    Plaintiffs,

v.

MICHIGAN GAMING CONTROL
BOARD, ET AL.,

    Defendants.
_____/

Case No. 12-cv-13593

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION [#229]**

**I. INTRODUCTION**

On January 29, 2019, this Court entered an Opinion and Order Denying Plaintiffs' Motion to Compel. Dkt. No. 227. Plaintiffs sought, among other things, certain discovery materials that the Court previously ruled were protected by privilege. The Court denied Plaintiffs' Motion, in part, because it found Defendants had no continuing duty to supplement its discovery disclosures with materials the Court already ruled were protected by privilege. That decision is the subject of the instant Motion.

Present before the Court is Plaintiffs' Motion for Partial Reconsideration of the Court's January 29, 2019 Opinion and Order. Dkt. No. 229. For the reasons set forth below, the Court will Deny Plaintiffs' Motion [#229].

## II. LEGAL STANDARD

Local Rule 7.1(h) governs motions for reconsideration. Under this rule, the Court generally may not grant a motion for reconsideration that merely presents the same issues upon which the Court already ruled. *See* E.D. Mich. LR 7.1(h)(3). Rather, the movant must demonstrate that there is a palpable defect in the Court's order and that correcting the defect will result in a different disposition of the case. *Id.* "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).

## III. DISCUSSION

The primary basis for Plaintiffs' Motion appears to be a challenge to the Court's interpretation of Federal Rule of Civil Procedure 26(e). Rule 26(e) discusses the requirements surrounding supplementing discovery disclosures and provides, in relevant part, the following:

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect.

Fed. R. Civ. P. 26(e)(1)(A). The Court previously held that Defendants' disclosures surrounding certain investigative records were not incomplete or incorrect because the Court had already ruled those records were protected by privilege. Hence, Defendants had no duty to supplement these disclosures. Furthermore, the Court emphasized that to the extent Plaintiffs were attempting to reopen discovery to relitigate the issue of privilege, there was no good cause to do so at this late stage of the case.

As demonstrated above, the Court's January 29, 2019 Opinion and Order squarely addressed the same arguments that Plaintiffs raise now. *See Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) ("[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not."). Because the Court finds no palpable defects in its reasoning or conclusions, Plaintiffs' Motion will be Denied.

### IV. CONCLUSION

For the reasons stated herein, the Court will DENY Plaintiffs' Motion for Partial Reconsideration of the Court's January 29, 2019 Opinion and Order [#229].

IT IS SO ORDERED.

Dated: March 19, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 19, 2019, by electronic and/or ordinary mail.

                                                      s/Teresa McGovern
                                                     Case Manager